**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ELVIS RAMON GREEN-BERRIOS,

Plaintiff,

v.

SIG SAUER, INC.,

Defendant.

CIVIL NO. 22-1002 (JAG)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Pending before the Court is Sig Sauer, Inc.'s (hereinafter "Sig Sauer") motion for summary judgment. (Docket No. 54).  Plaintiff Elvis Ramon Green-Berrios ("Green-Berrios") filed a response in opposition. (Docket No. 100).  The motion for summary judgment was referred to me for report and recommendation. (Docket No. 99).  For the reasons that follow, the motion should be DENIED.

**II.   BACKGROUND**

Green-Berrios, a police officer, sued Sig Sauer seeking compensation for injuries suffered by him due to the alleged un-commanded discharge of his police-issued Sig Sauer P320 pistol.  The complaint asserts claims for violation of the Magnuson-Moss Warranty Act, strict product liability, defective design, breach of implied and express warranties, and intentional infliction of emotional distress. (Docket No. 1).  In due course, Sig Sauer moved *in limine* to exclude the testimony of plaintiff's expert, Timothy Hicks

(hereinafter "Hicks"), pursuant to Fed. R. Evid. 702. Concomitantly, Sig Sauer filed its motion for summary judgment. The request for judgment as a matter of law and dismissal of the complaint rests, in large part, on the exclusion of plaintiff's expert. The motion *in limine* was referred to me for report and recommendation. (Docket No. 79).

On February 27, 2024, I recommended to the Presiding District Judge that Sig Sauer's motion *in limine* be denied. (Docket No. 86). Over Sig Sauer's objections, the Court adopted my recommendation and denied the motion *in limine*. (Docket No. 97).

### III.  APPLICABLE LAW AND DISCUSSION

As stated, Sig Sauer requested exclusion of Hicks as plaintiff's expert and simultaneously moved for summary judgment arguing that expert testimony is necessary to establish liability in a design defect case. In its memorandum of law, Sig Sauer maintains that without an expert, there is no genuine controversy as to any material fact. (Docket No. 55 at 7). Sig Sauer further claims that even if admissible, Hicks' analysis and opinion fail to establish that any design defect is the proximate cause of Green-Berrios' injuries. Sig Sauer takes issue with Hicks' finding that it is more probable than not that the discharge in this case occurred without a trigger pull because such conclusion requires blindly accepting Green-Berrios' deposition testimony that he did not pull the trigger. In sum, the argument of Sig Sauer is that "Hicks is unable to link the alleged design defect with causation of Plaintiff's injuries." (*Id.* at 11).

In opposition, Green-Berrios contends that the denial of Sig Sauer's motion *in limine* rendered the motion for summary judgment moot. (Docket No. 100). Plaintiff also argues that there are many issues of material fact for the jury to decide and

2

credibility determinations that warrant denial of Sig Sauer's request for summary disposition. (*Id.*)

### A. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, the role of the Court is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)(citing *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). The court must view the facts in the light most hospitable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Patterson v. Patterson*, 306 F.3d 1156, 1157 (1st Cir. 2002).

The moving party bears the initial burden of "asserting the absence of a genuine issue of material fact [and to support] that assertion by affidavits, admissions, or other materials of evidentiary quality." *Mulhill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). The burden then shifts to the opposing party to show that a factual dispute does exist, and that the trier of fact could reasonably find in its favor. *See Santiago-Ramos P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Id.* (quoting *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996)). "'Neither conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37

(1st Cir. 2002)(*quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1993)).

### B. Analysis

There is no question that if the Court had excluded Hicks' testimony, summary judgment would have been warranted. This is so because as Sig Sauer correctly points out, competent expert testimony is required to establish strict liability and design defect claims, particularly when the subject matter is not within the common knowledge of the average lay person. *Velazquez v. Abott Labs.*, 901 F. Supp. 2d 279, 293 (D.P.R. 2012)("If the question cannot be answered by common experience, then expert testimony is required.") Here, the manufacturing and design of firearms cannot be said to be common knowledge. Expert testimony is thus required. However, in view of the Court's denial of Sig Sauer's motion *in limine* thereby allowing Hicks to offer his testimony and opinion at trial, summary judgment is not appropriate. *Guay v. Sig Sauer*, 610 F. Supp. 3d 423, 434 (D.N.H. 2022)(denying motion for summary judgment premised on exclusion of expert opinions); *Cf. Florio v. Ryobi Techs., Inc.*, Civ. No. 17-5518, 2020 WL 5234924, 2020 U.S. Dist. LEXIS 160324 (D.N.J. Sept. 2, 2020)(granting motion for summary judgment after excluding testimony of design expert.).

As to causation, the record also reveals that there are triable issues of material fact. *Guay*, 610 F. Supp. 3d at 434 ("[T]aking the evidence in the light most favorable to [plaintiff], there is sufficient evidence in the record for a reasonable jury to conclude, by a preponderance of the evidence, that [plaintiff] did not pull the P320's trigger and that the gun discharged because of the design or manufacturing defects identified by . . . Hicks.") As much as Sig Sauer would like the Court to disregard Green-Berrios'

4

deposition testimony that the discharge occurred un-commanded, the question is for the trier of fact. *McConaghy v. Sequa Corp.*, 294 F. Supp. 2d 151, 161 (D.R.I. 2003)(a judge deciding a motion for summary judgment "should not invade the province of the trier of fact by weighing the evidence or making credibility determinations.")  The jury will have to assess the credibility of Green-Berrios' version, particularly in light of other evidence pointing to the distinct possibility of an accidental trigger pull.  As stated in my previous report and recommendation, "[t]he jury will have to assess the credibility of plaintiff's account of events and the weight that it will assign to Hicks's testimony when defendant inevitably brings up its theory of an accidental trigger pull." (Docket No. 86 at 14).

### IV.   CONCLUSION

In view of the above, I recommend that Sig Sauer's motion for summary judgment be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 3rd day of May, 2024.

S/Héctor L. Ramos-Vega<br>HÉCTOR L. RAMOS-VEGA<br>UNITED STATES MAGISTRATE JUDGE