IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELVIS RAMON GREEN-BERRIOS,

Plaintiff,

v.

SIG SAUER, INC.,

Defendant.

CIVIL NO. 22-1002 (JAG)(HRV)

**MEMORANDUM AND ORDER**

Plaintiff Elvis Ramon Green-Berrios' ("Green Berrios") filed a motion for leave to submit his medical expert report. (Docket No. 91). Plaintiff moves the Court to allow the late disclosure of the report of his medical expert, Dr. Rafael Sein-Siaca (and to offer him to be deposed by the Defendant), arguing that his failure to comply with the Court's scheduling order is both substantially justified and harmless under Fed. R. Civ. P. 37(c)(1). Defendant Sig Sauer, Inc. ("Sig Sauer") opposes the late disclosure outlining the procedural history of the case and characterizing Plaintiff's failure to timely disclose the medical expert as "remarkably egregious." (Docket No. 95). The matter has been referred to me for disposition. (Docket No. 98).

After careful consideration, and for the reasons set forth below, Green-Berrios' motion for leave is GRANTED.

1

Pursuant to Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, an expert witness and his or her report must be disclosed "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, after extending the deadlines for expert disclosures several times, the Court set June 28, 2023, as the deadline for Plaintiff's expert reports. (Docket Nos. 50, 51). Additionally, August 28, 2023, was set as the deadline for conclusion of all discovery, and September 27, 2023, for the filing of dispositive motions. (*Id.*) Except for a passing reference in Green-Berrios' deposition taken in November of 2022, which stated that the proposed expert evaluated Plaintiff two or three months before (Docket No. 91-1 at 4), there appears to be no other indication that Plaintiff intended to use Dr. Sein-Siaca as an expert.

Under Rule 37(c)(1), exclusion is the appropriate sanction for a party's failure to adhere to the expert disclosure requirements. Fed. R. Civ. P. 37(c)(1)[1]; *Lohnes v. Level 3 Communs., Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). But Rule 37 contains an escape hatch provision. If the failure to timely disclose is "substantially justified or harmless", the Court may allow the use of the tardy evidence. Fed. R. Civ. P. 37(c)(1); *Zampierollo-Rheinfeldt v. Ingersoll-Rand De P.R., Inc.*, 999 F.3d 37, 47 (1st Cir. 2021). Further, I am aware that I have broad discretion to select a less severe sanction, and that preclusion is not a strictly mechanical exercise. *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 77-78 (1st Cir. 2009)(cleaned up). Factors such as (1) the history of the litigation; (2) the non-

---

[1] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

2

compliant party's need for the evidence; (3) the justification (or lack of one) for the late disclosure; (4) the moving party's ability to overcome the adverse effects of said late disclosure; and (5) the impact on the Court's docket, should be considered in deciding whether to preclude the expert evidence at issue. *See Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).

The balancing of the *Macaulay* factors leads the undersigned to conclude that while the late disclosure is not substantially justified, it is essentially harmless and, therefore, preclusion would be too harsh a sanction. *Thibeault v. Square D. Co.*, 960 F.2d 239, 247 (1st Cir. 1992)("[P]reclusion of expert testimony is a grave step, not to be undertaken lightly.") I explain.

### *History of the litigation*

The complaint was filed in January of 2022. Since then, the scheduling/case management order has been extended several times at the request of the parties. (Docket Nos. 31, 32, 42, and 50). The discovery phase of the case was deemed closed, and the parties then litigated a dispositive motion. While there is no trial date set, the case is ripe for the setting of a jury trial once the Court rules on the matter of the pending motion for summary judgment. I have already recommended denial of said dispositive motion. (Docket No. 101). Plaintiff seeks to disclose expert evidence at a stage in the proceedings where the Court should be setting a trial date, not re-opening discovery. This factor cuts against Plaintiff.

### *Green-Berrios' need for the evidence*

"As in most cases, the "[t]he sanctioned party's need for the evidence,' . . . 'the second factor, weighs heavily in Plaintiff's favor.'" *Rivera v. Hosp. Hima-Caguas*, No.

3

15-1538 (GAG), 2018 WL 4676925, 2018 U.S. Dist. LEXIS 167962 at *11 (D.P.R. Sept. 26, 2018)(*quoting Esposito*, 590 F.3d at 78).  Green-Berrios asserts that he needs this evidence "due to the severity and complexity of the physical damages suffered by Plaintiff, injuries from body trauma and a whole-body degree of impairment . . . ." (Docket No. 91 at 5).  Sig Sauer ripostes that the need for this evidence is not great because Plaintiff has disclosed his medical evidence, including photographs of his injuries, and has testified extensively about said injuries. (Docket No. 95 at 7).

The exclusion of Plaintiff's proposed expert would fatally undermine his case as to the issue of damages because without the testimony of a medical expert, it will be impossible to establish the extent of the injuries.  This factor weighs in favor of allowing the late disclosure.

### *The justification for the late disclosure*

The explanation advanced by Green-Berrios as to why he could not meet the expert disclosure deadline is difficult to swallow.  Even if the Court was inclined to accept that a backlog caused by the COVID-19 pandemic was still impacting the medical expert more than three years after the pandemic lockdowns were lifted, there is no explanation in Plaintiff's submission, or in the record, as to why this circumstance was never brought to the Court's attention or Sig Sauer's.

It is fair to assume that if Dr. Sein-Siaca evaluated Green-Berrios sometime in August or September of 2022, counsel would have followed up with him as to the status of his report; particularly every time one of the deadlines for expert disclosures approached.  Sig Sauer rightfully complains that at no time was there any representation by Plaintiff's counsel that they were having issues to meet the deadline with respect to

the medical expert. When it became obvious that he was not going to be able to meet the expert-disclosure deadline, Plaintiff had the option of finding a different expert and/or moving the Court in a timely fashion to request yet another extension. Plaintiff chose to keep the Court and opposing counsel in the dark. This casual, and I would add, cavalier approach to meeting discovery obligations, weighs in favor of exclusion. *See Santa Cruz Bacardi v. Metro Pavia Hosp., Inc.*, Civil No. 16-02455 (RAM), 2019 WL 4509769, 2019 U.S. Dist. LEXIS 161069 at *6-7 (D.P.R. Sept. 18, 2019)(granting exclusion of expert after finding justification for delay inadequate); *Ortiz v. Bioanalytical Instruments, Inc.*, Civil No. 15-2196 (PAD), 2017 WL 4142589; 2017 U.S. Dist. LEXIS 151233 at *3 (D.P.R. Sept. 18, 2017)(no persuasive reason was proffered for the late disclosure).

### ***Sig Sauer's ability to overcome the effects of the late disclosure***

This factor weighs in favor of allowing the late disclosure since there is no trial date set, and the Court can always modify the scheduling order to provide Sig Sauer with an opportunity to litigate or conduct its own discovery. *See Caballero v. Hosp. Español Auxilio Mutuo de P.R., Inc.*, Civil No. 07-1664 (JA), 2010 WL 503059, 2010 U.S. Dist. LEXIS 10601 at *20 (D.P.R. Feb. 8, 2010)(finding the late disclosure unjustified, but nevertheless harmless, since a trial date had not been set.). That does not mean, however, that there is no adverse effect on Sig Sauer. Plaintiff's conduct created an expectation in Sig Sauer, and moved it to act, believing that all discovery had been completed.

Moreover, reopening discovery at this stage, will likely cause Defendant to incur in additional expenses that had not been contemplated, such as taking depositions and the hiring of an expert of its own to rebut Dr. Sein-Siaca's opinions. *See Irizarry-*

5

*Santiago v. Essilor Indus.*, 293 F.R.D. 82, 85 (D.P.R. 2013)(finding delayed disclosure prejudiced the defendant's ability to challenge credentials of expert, solicit expert opinions of its own, or conduct expert-related discovery.).   Sig Sauer may also be forced to adjust its litigation strategy.  While unlikely since the expert at issue will opine on the question of damages, there are potential scenarios where Sig Sauer may need to consider filing additional dispositive motions. Thus, while the sanction of preclusion may ultimately be too drastic, sanctions are warranted nonetheless.

### *The impact on the Court's docket*

Green-Berrios does not provide an estimate of when Dr. Sein-Siaca's expert report will be ready to be disclosed. The Court is thus not in a position to assess how much the delay will impact the Court's docket.  Again, this is a January 2022 case in which both the discovery period and the dispositive motions phase had closed.  To allow Plaintiff to belatedly disclose this evidence will require a re-opening of the discovery and dispositive motions period adding months to a case that was ready for trial.  The Court has a very busy docket, and it relies on the parties strictly following the scheduling orders to efficiently resolve cases. *Santiago-Diaz v. Laboratorio Clinico y De Referencia del Este*, 456 F.3d 272, 277 (1st Cir. 2006)("The court's ability to manage its docket is compromised when a party, without good cause, neglects to comply with reasonable deadlines.")

Considering the above factors, I will reluctantly GRANT plaintiff's motion for leave.  However, Plaintiff shall make his complete expert-related Rule 26 disclosures within 30 days of the issuance of this order.  Whatever backlog prevented Dr. Sein-Siaca from issuing a timely report, he must now prioritize Green-Berrios' case.  No extensions

6

of this deadline shall be granted.  As a lesser sanction, Plaintiff shall pay all additional expenses incurred by Sig Sauer in conducting discovery related to Dr. Sein-Siaca and the filing of motions, if any is deemed necessary. Fed. R. Civ. P. 37(c)(1)(A); *Green v. Cabral*, 323 F. Supp. 3d 96, 101 (D. Mass. 2018); *Aponte-Davila v. Municipality of Caguas*, Civil No. 13-1367 (PAD), 2017 U.S. Dist. LEXIS 112655 *7-8 (D.P.R. July 17, 2017)(denying exclusion of expert but imposing monetary sanction to cover attorney's fees and expenses).   Sig Sauer shall submit a bill of costs at the appropriate time for the Court's consideration.

In sum, the Court orders as follows:

- The motion for leave at Docket No. 91 is **GRANTED**.

- Dr. Sein-Siaca's report and Rule 26 expert-related materials shall be disclosed within 30 days of this order.  This deadline will not be extended.

- Plaintiff shall pay reasonable expenses incurred by Sig Sauer in connection with the late disclosure of Plaintiff's medical expert, including but not limited to attorney's fees and costs related to discovery, depositions, and motion practice.

- By no later than June 3, 2024, the parties shall file a joint motion proposing a schedule to complete any additional discovery and/or motions relevant to Dr. Sein-Siaca.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of May, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE