UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELVIS RAMON GREEN BERRIOS<br>Plaintiff<br>vs.<br><br>SIG SAUER, INC<br>Defendant | CIVIL NO. 3: 22-CV-01002-JAG<br>CIVIL JURY DEMANDED |

**JOINT INFORMATIVE MOTION AND REQUEST FOR LEAVE**

**TO THE HONORABLE COURT**:

COME NOW jointly, Plaintiff and Defendant, through their respective undersigning counsels, and very respectfully inform the Court and request leave to propound a Requests for Admissions under Rule 36 of Fed Civ.P, as follows:

1) This Honorable Court recently set the trial date in this case. In the course of doing the preparations for trial, the Parties conferred and mutually agreed to streamline the issues and narrow down the controversies before trial by agreeing to submit to each other a Request for Admissions, in order to promote efficiency, judicial economy and the expeditious resolution of this matter. Therefore, parties request leave from the Court, to wit:

   a. The Parties will mutually serve one set of Request for Admissions RFA) by no later than September 30th, 2024;

   b. Responses to the RFAs are to be served by no later than October 31, 2024, subject to the consequences set forth in the applicable Federal and Local Rules of Civil Procedure;

   c. All substantive RFAs are not to exceed fifteen (15) requests, subsections included;

   d. The Parties have agreed to not place a specific limit on RFAs related to authentication, but also agree to keep the amount of such requests within reason.

1

2) In the First Circuit, this Federal District Court of Puerto Rico has allowed parties in prior cases to propound Requests for Admissions after discovery deadlines, concluding that a Requests for Admissions is just like stipulations before trial that narrow the matters at issue, and thus, has denied protective orders to that effect. See (Morales-Mandry v Hosp. Dr. Pila, 2003 US Dist [DPR Jan. 14, 2003, No. 00-1525 (HL)]). See Kershner v Beloit Corp., 106 FRD 498, 500 [D Me 1985], (District Court of Main of First Circuit, denying a motion to enforce the court's discovery cut-off order and to quash Request for Admissions, holding that a party must respond to requests for admission filed after the expiration of the discovery deadline. See Bouchard v United States, 241 FRD 72, 76 [D Me 2007], holding that the request after discovery deadline was still "highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose", "to ascertain the truth" since "the ability to do so is 'reasonably within its power.'" Id.

3) Likewise, the Supreme Court of Puerto Rico has also ruled accordingly, that: "*A Request for Admissions is not properly a mechanism for Discovery*". Audiovisual Lang. v. Sist. Est. Natal Hnos. 144 D.P.R. 563 (1997), and has addressed the purpose of the Rule as to: "*Delimit the controversies of the case*"[…] "*it pursues to quicken the procedures to define and limit the controversies of the case and provide a more clear picture about them*". Rivera Prudencio v. Mun. de San Juan, 170 D.P.R. 149 (1997). The Rule "*expedites the process and pretends to achieve a just and economical solution to the litigation*". Menéndez García v. Tribunal Superior, 101 DPR 667 (1973); Rosado v. Tribunal Superior, 94 D.P.R. 122, 132-134 (1967).

4) Many Circuit Court of Appeals, including the Third Circuit, the Fifth Circuit, and the Sixth Circuit, among others, have also joined this District Court's precedents and have expressed that: "*A party can still be obliged to respond to a request for admission even after the close of discovery*". Shelton v Fast Advance Funding, LLC, 805 F App'x 156, 157 [3d Cir 2020]); because

2

*"requests for admissions typically come late in discovery or even after discovery has been completed and trial is imminent*." Synthes (U.S.A.) v. Globus Med., Inc., Slip Copy, 2006 U.S. Dist. LEXIS 87151, 2006 WL 3486544 (E.D.Pa. November 29, 2006) (citing Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992); Pickens v. Equitable Life Assurance Soc'y of the U.S., 413 F.2d 1390, 1393 (5th Cir. 1969)[concluding that Rule 36 is not a discovery device and it's not subject to discover cutoffs]; see Misco, Inc. v. Unites States Steel Corp., 784 F.2d 198, 205-06 (6th Cir. 1986).

**WHEREFORE**, the Parties jointly respectfully request that the Court takes notice of the above and grants the leave requested to propound Request for Admissions before trial to narrow down issues of facts.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of September, 2024.

| Attorneys for Plaintiff: | Attorneys for Defendant: |
| --- | --- |
| /S/  Jorge Cancio-Valdivia<br>Jorge Cancio-Valdivia<br>USDC-PR  302401<br>P.O. Box 367753, San Juan, P.R. 00936<br>Tel. (787)549-9685<br>E-mail:  canciolaw@gmail.com | Miguel A. Rangel Rosas<br>Marichal, Hernandez, Santiago & Juarbe, LLC<br>USDC Bar No.: 218601<br>Edificio Triple S. Plaza<br>1510 Ave. FD Roosevelt, Suite 9B1<br>Guaynabo, PR 00968<br>Tel 787-753-1565<br>Email: mrangel@mhlex.com |
| /S/   José Vladimir Díaz-Tejera<br>José Vladimir Díaz-Tejera<br>USDC-PR 208604<br>PO Box 483, Trujillo Alto, P.R. 00976<br>Tel 787-755-3440<br>Fax. 787- 755-0670<br>Email: diaz_tejera_lawfirm@yahoo.com | B. Keith Gibson<br>Littleton Joyce Ughetta & Kelly LLP<br>*Admitted pro hac vice*<br>4 Manhattanville Rd., Suite 202<br>Purchase, NY 10577<br>Tel. 914-417-3400<br>Email: keith.gibson@littletonjoyce.com |